UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JENNIFER S. DAUGHERTY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOLLAR TREE STORES, INC., )<br>)<br>Defendant. ) | No. 2:21-cv-00012-JPH-MJD |

**SHOW CAUSE ORDER**

On January 6, 2021, Defendant filed a notice of removal, alleging that this Court has diversity jurisdiction over this matter. Dkt. 1. For the Court to have diversity jurisdiction over the parties, the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. On January 21, 2021, Plaintiff filed a stipulation as to damages, stipulating that her damages will not exceed the $75,000 jurisdictional limit. Dkt. 10.

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, the Court **ORDERS** Defendant to **SHOW CAUSE** by **February 22, 2021** why the Court should not remand this case for insufficient amount in controversy.

**SO ORDERED.**

Date: 1/22/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Molly Elizabeth Lee
LEWIS WAGNER LLP
mlee@lewiswagner.com

George Burton Tofaute
TOFAUTE & SPELMAN
tslaw1@accident-law.com

Daun Antoinette Weliever
LEWIS WAGNER LLP
dweliever@lewiswagner.com